IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ARDELL NELSON JR. #482188** § | |
| § | |
| V. § | A-08-CA-505-SS |
| § | |
| **PARDONS AND PAROLE** § | |
| **CHAIRMAN and DIRECTOR OF** § | |
| **T.D.C.J.-ID NATHANIEL QUARTERMAN** § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff asserts his punishment has been increased beyond what was prescribed when his crime was committed. In addition, Plaintiff complains the reasons given to him when his parole was denied are not sufficiently detailed. Plaintiff sues the Chairman of the Board of Pardons and Paroles and Nathaniel Quarterman. He seeks declaratory and injunctive relief. Specifically, Plaintiff requests the Court to order the Parole Board to give detailed and fact specific reasons for denying him parole

in addition to a statement supporting its reason for departing from existing parole guidelines. After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement.

Plaintiff indicates his offense was committed on May 1, 1986. He was sentenced on May 4, 1988 to 99 years in prison for aggravated sexual assault. Plaintiff indicates he is eligible for mandatory supervision and parole. According to Plaintiff, he was reviewed for parole in September 2007. After the review, Plaintiff was denied parole. Plaintiff's next review is scheduled for September 1, 2010. Plaintiff complains of Due Process and Ex Post Facto Clause violations.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.   Due Process

As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a

protected liberty or property interest." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995, 118 S. Ct. 559 (1997) (citations omitted). Because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds. Id. (citations omitted). In Johnson, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. Id. "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decision. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995).

      C.      Ex Post Facto

Article I, § 10, of the Constitution prohibits the States from passing any "ex post facto law." This clause forbids enactment of any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28, 101 S. Ct. 960 (1981) (quoting Cummings v. Missouri, 4 Wall. 277, 325-26 (1867)). The prohibition of ex post facto laws has two purposes: (1) it prevents legislatures from interfering with the executive and judicial roles of prosecution and punishment; and (2) it assures that legislative acts give fair warning of what actions will be punished and the degree to which they will be punished. In accord with these purposes, two critical elements must be present before a court may find that criminal or penal law violates the ex post facto clause: (1) the

law must be retrospective, applying to events occurring before its enactment; and (2) it must disadvantage the offender affected by it. See id. at 29, 101 S. Ct. 960.

A retroactive change in the law governing parole can violate the Ex Post Facto Clause. Garner v. Jones, 529 U.S. 244, 250, 120 S. Ct. 1362 (2000). The inquiry is whether the change in law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id.* (internal quotation marks and citation omitted). A new procedure that creates only a speculative and attenuated risk of increasing the measure of punishment, however, does not violate the Ex Post Facto Clause. California Dep't of Corrections v. Morales, 514 U.S. 499, 513, 115 S. Ct. 1597 (1995).

Plaintiff has failed to identify a retroactive change in the law that has affected his release to mandatory supervision or parole. At the time Plaintiff committed his crime on May1, 1986, Plaintiff was required to serve one-third of his sentence or a maximum of 20 years to become eligible for parole. Former article 42.18, § 15(b) provided:

> A prisoner under sentence of death is not eligible for parole. If a prisoner is serving a sentence of the offenses listed in Section 3f(a)(1) of this Article or if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. All other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less.

See Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 1, 1977 Tex. Gen. Laws 925, 927 (current version at TEX. GOV'T CODE ANN. § 508.145 (Vernon 2008)). Plaintiff's sentence for aggravated

sexual assault began in 1987, and he was reviewed for parole 20 years later on September 1, 2007, as the law provided at the time of his offense.

Plaintiff is also eligible for mandatory supervision when his flat time credits plus his good time credits equal 99 years. Former article 42.12, § 15(c) of the Texas Code of Criminal Procedure, in effect at the time of the offense and conviction provided, in relevant part:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time served plus any accrued good conduct time equal the maximum term to which he was sentenced.

Act of May 30, 1977, 65 th Leg., R.S., ch. 347, § 1, 1977 Tex. Gen. Laws 922, 927-28 (current version at TEX. GOV'T CODE ANN. § 508.147(a) (Vernon 2008)). Currently, Plaintiff's projected mandatory supervision date is March 29, 2036. See Offender Search at www.tdcj.state.tx.us.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of July, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE